THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD MIKESELL, Defendant-Appellant.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS J. GORDY, Defendant-Appellant.

(Nos. 11920, 11943 cons.;

Fourth District—June 20, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellants.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendants were convicted on their negotiated pleas of guilty to two separate charges of burglary and robbery. Both defendants appeal

from the denial of their petition for probation and from the concurrent sentences of 2 to 10 years imposed on the two convictions. We affirm.

■■ In an opinion filed June 4, *People ex rel. Ward, v. Moran,* No. 45197, our supreme court held that Supreme Court Rule 615(4) allowing reviewing courts to "reduce the punishment imposed by the trial courts" did not include the power to reduce a penitentiary sentence to probation and that such power is vested solely in the trial court. Our authority on review is limited by the same case to a determination of "whether the trial court exercised its discretion or acted arbitrarily in denying probation". Should we determine that the trial court abused its discretion or acted arbitrarily, then we should remand the cause to the trial court with directions to reassign it to a different judge for further hearing in aggravation and mitigation. See *People v. McAndrew,* 96 Ill.App.2d 441, 239 N.E.2d 314, for further discussion.

■■ The agreement on the negotiated plea was that the defendants would plead guilty to burglary and to an amended charge of robbery reduced from armed robbery to ordinary robbery, and then apply for probation. The People would oppose probation. If probation was denied, the People would recommend sentences of 2 to 10 years in the penitentiary. The probation officer's report recommended that probation be denied. The evidence heard by the trial court indicated that these defendants and two others not here involved met at defendant Mikesell's house. From there on September 18, the defendants with three others broke into a parked automobile in Decatur and one Crafton used a wire coat hanger to gain entry to the car. Twenty-four stereo tapes were taken to defendant Mikesell's home and later sold. The purpose of the burglary and of the robbery was to obtain bond money for one Foran's fiancee who was then in jail charged with an unlawful sale of a controlled substance. The robbery incident occurred on September 20 and there Gordy went into the station with a gun concealed in his coat and took an undetermined amount of money from the attendant. The negotiated plea resulted in a dismissal of the armed robbery charge and any other pending charges. Were this not so, these defendants could not be admitted to probation under the laws existing prior to the new Code of Criminal Corrections, or since. The trial judge made a detailed analysis of his reasons and that analysis of the previous conduct of these defendants is borne out by the evidence in the record. We therefore conclude that the trial judge did not act either arbitrarily or abuse his discretion in denying probation.

■■ The sentences of 2 to 10 years to run concurrently was in conformity with the negotiated plea. Both defendants were represented by counsel. Both knew the People would oppose probation and in event

probation was denied, the People would recommend the minimum of 2 years and a maximum of 10 on each count and that they were to run concurrently. Neither side offered any additional evidence by way of mitigation and aggravation. On this record, we cannot say that the sentences are excessive.

Accordingly, both sentences in each case should be and the same are affirmed.

Affirmed.

TRAPP and SIMKINS, JJ., concur.